# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD L. MOSHIER, JR.,** : | **CIVIL ACTION NO. 1:08-CV-0510** |
| Plaintiff : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **FEDERAL BUREAU OF** : | |
| **PRISONS, et al.,** : | |
| Defendants : | |

## ORDER

AND NOW, this 10th day of June, 2008, upon consideration of plaintiff's declaration for entry of default (Doc. 16), construed as a motion for entry of default against all defendants, and noting that defendants' response to the allegations in plaintiff's complaint is due on or before July 7, 2008,[1] see FED. R. CIV. P. 12(a)(3),[2] it is hereby ORDERED that the motion (Doc. 16) is DENIED as premature.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

[1] On April 21, 2008, the court directed service of the summons and complaint upon defendants. (See Doc. 11.) Resultantly, the summons and complaint were served upon the United States Attorney's Office on May 7, 2008. (See Doc. 13.) The summons and complaint were also served upon the individual defendants on May 7, 2008. (See Doc. 15.)

[2] Federal Rule of Civil Procedure 12(a)(3) states,

> United States Officers or Employees Sued in an Individual Capacity. A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

FED. R. CIV. P. 12(a)(3). This rule applies in this case because plaintiff is suing an agency and individual employees of the United States.