# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD L. MOSHIER, JR.,** | : | **CIVIL ACTION NO. 1:08-CV-0510** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **FEDERAL BUREAU OF PRISONS et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 6th day of October, 2008, upon consideration of plaintiff's motion for appointment of counsel (Doc. 27), and it appearing from the complaint (Doc. 1) that plaintiff is capable of properly and forcefully prosecuting his claims with adequate factual investigation and appropriate citations to governing authority, and that resolution of the facial merit of plaintiff's claims neither implicates complex legal or factual issues nor requires factual investigation or the testimony of expert witnesses, see Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993) (listing factors relevant

to a request for counsel),[1] it is hereby ORDERED that the motion (Doc. 27) is DENIED. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of plaintiff. See id.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

---

[1] In a non-precedential decision, a panel of the United States Court of Appeals for the Third Circuit indicated that the district court should also consider its willingness to aid the indigent party in presenting his or her case in the courtroom and the availability of attorneys willing to take § 1915(e) appointments. Gordon v. Gonzalez, 232 F. App'x 153, 156 n.4 (3d Cir. 2007).