# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD L. MOSHIER, JR.,** | : | CIVIL ACTION NO. 1:08-CV-0510 |
| Plaintiff, | : | (Judge Conner) |
| v. | : | |
| **FEDERAL BUREAU OF PRISONS,** et al., | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 9th day of March, 2010, upon consideration of defendants' motion to dismiss plaintiff's complaint (Doc. 1), pursuant to Federal Rule of Civil Procedure 12(b)(6), and for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. 53), and in considering the motion to dismiss[1], and accepting as

---

[1] Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain

true all factual allegations in the complaint and all reasonable inferences to be drawn therefrom, and viewing them in a light most favorable to the plaintiff, and it appearing that plaintiff has stated an Eighth Amendment failure-to-protect claim in that he alleges that, while incarcerated at the United States Penitentiary at Lewisburg, defendants failed to take reasonable measures to guarantee his safety from inmate Logan, an inmate with a known violent past history, by incarcerating him under conditions posing a substantial risk of serious harm and knowing of and disregarding an excessive risk to his health or safety, Farmer v. Brennan, 511 U.S. 825, 832 833-34, 847 (1994), and that this failure resulted in a brutal knife attack on plaintiff on December 23, 2006, by inmate Logan during which plaintiff was stabbed approximately twenty-one times and required emergency medical care, and it further appearing that plaintiff has set forth sufficient allegations to state a claim pursuant to the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*[2], by

---

statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

[2]The FTCA confers on district courts subject matter jurisdiction over negligence actions against the United States.

alleging that defendants had a duty to protect plaintiff, the duty was breached, that there exists a causal connection between defendants' conduct and the resulting injury, and that he has suffered actual damages[3], and upon consideration of defendants' motion for summary judgment[4], in which they seek an entry of judgment on the grounds of qualified immunity[5], and argue that "the facts

---

[3] Under Pennsylvania law, to establish a prima facie case of negligence, a plaintiff must show: (1) the existence of a legal duty from the defendant to the plaintiff; (2) a negligent breach of that duty; (3) a causal connection between the defendant's breach of duty and the resulting injury or harm; and (4) injury or harm suffered by the plaintiff. Morena v. South Hills Health System, 501 Pa. 634, 462 A.2d 680, 684 n. 5 (Pa.1983) (citing Prosser, Law of Torts, § 30 at 143 (4th Ed.1971) and Macina v. McAdams, 421 A.2d 431, 434 (Pa.1980)).

[4] Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

[5] "The doctrine of qualified immunity shields a local government official from individual liability for civil damages as long as his conduct does not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Wyatt v. Krzysiak, 82 F. Supp.2d 250, 260 (D.Del.1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); see Manigault v. King, 339 F. App'x 229 (3d Cir. 2009). "[I]n order to invoke qualified immunity, a defendant must prove that, viewing the facts in a light most favorable to plaintiff, plaintiff has failed to allege a violation of a clearly established constitutional right." Herman v. Carbon County, 248 F. App'x 442, 444 (3d Cir. 2007) (citing Saucier v. Katz, 533 U.S. 194, 201-02 (2001)).

3

demonstrate that Mosier's [sic] concerns about sharing a cell with inmate Logan were immediately addressed by staff, and appropriate steps were taken to ensure his safety by removing inmate Logan from his cell," and that "[s]taff had no reason to believe that Logan continued to constitute a threat to Mosier's [sic] safety once Logan was removed" (Doc. 57, at 19-20), and it appearing from plaintiff's declaration that there are genuine issues of material fact that preclude an entry of summary judgment in that inmate Logan, who had a lengthy and documented history of violence against both inmates and staff at previous federal prisons where he had been incarcerated (Doc. 64-2, at 2, ¶ 3), was housed in disciplinary segregation for possession of two homemade knives immediately prior to being celled with plaintiff, and that on December 21, 2006, plaintiff awoke to find inmate Logan standing over him and threatening him with a metal knife in each hand, and that plaintiff informed the case manager and unit manager about the knives and that although Logan was removed from his cell on that same day, the knives were not confiscated until after the December 23, 2006 knife attack on plaintiff (id., at 3-5), it is hereby ORDERED that:

1. Defendants' motion to dismiss (Doc. 53) is DENIED.

2. Defendants shall file an answer to the complaint on or before March 22, 2010.

3. Defendants' motion for summary judgment (Doc. 53) is DENIED.

4. The parties will be afforded until June 7, 2010, to conduct any and all discovery.

5. Rule 56 motions shall be filed on or before June 28, 2010.

6. The matter will be listed for trial, if necessary, after the disposition of Rule 56 motions.

       S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge