IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD L. MOSHIER, JR., <br> Plaintiff | : <br> : <br> : No. 1:CV-08-0510 <br> v. : <br> : (Conner, J.) <br> FEDERAL BUREAU OF PRISONS, : <br> et al., : <br> Defendants : Filed Electonically |

## CONSENT MOTION FOR PROTECTIVE ORDER

This matter is before the Court for entry of a Protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff has requested that Defendants produce certain documents that relate to other inmates, specifically Lawrence Logan, which are subject to the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11). Specifically, Plaintiff seeks the contents of Lawrence's central file and other information related to his criminal history and mental health history.

Defendant objects to producing these documents without a protective order to preserve the confidentiality of information protected by the Privacy Act.

The parties have therefore agreed to the entry of this Protective Order to resolve this issue.

WHEREFORE, it is hereby ordered that:

1. The Defendant and its employees and counsel may disclose information and documents that they believe are protected by the Privacy Act.

2.  Such confidential documents and information may only be used, disseminated, copied or disclosed as indicated in this order.

3.  For the purposes of this order and consistent with Fed. R. Civ. P. 26(a), "confidential" shall be defined as prohibiting the use and/or further disclosure of the subject documents for any purpose other than the litigation, discovery, trial, settlement and/or appeal of this action.

4.  The confidential documents and information may only be disclosed to the following persons:

   a.  The parties and counsel of record and employees of such counsel who are assisting in the preparation of this action.

   b.  Persons specifically consulted by counsel of record to assist in the preparation or trial of this matter, but only if such persons need the confidential documents or information therefrom to render such assistance.

   c.  Any deposition or trial witness or potential deposition or trial witness if it is necessary to tender such witness a confidential document or information to elicit testimony or information relevant to the matters at issue in this action.

5.  Persons within the scope of subparagraphs 4b and 4c may not retain copies of confidential documents or the information therefrom, and such persons must return all confidential documents to counsel of record who provided such documents or information to them when their participation in the case is ended or their need to have such documents and information ends, whichever comes first.

2

6.  Counsel for plaintiff will be responsible for informing any person to whom she disseminates the confidential documents or information that such is confidential, that such may not be used in any manner except for the prosecution of this action, and that such must be returned when the case is ended or their need to have such documents and information ends, whichever comes first.

7.  Nothing in this Order waives any objection to discovery.

8.  Nothing herein shall limit a party's or its counsel's use of its own documents.

9.  The parties shall confer among themselves concerning measures which should be taken during trial of this action to satisfy the requirements of confidentiality consistent with the right of all parties to present all admissible evidence necessary for a proper resolution of this case. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial. However, in the Pre-trial Order, counsel for the parties shall designate the exhibits they assert are confidential. Thereafter, the designating party may apply to the Court for an appropriate order as to the condition under which the designated exhibit may be used in connection with the trial.

10.  In the event that any confidential document or information is used in any court proceeding in this action, it shall not lose its confidential status under this Order

through such use, its use shall continue to be subject to the provisions of the order that are not inconsistent with other orders by the Court regarding their use at trial, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

11.   Upon conclusion of this action, including all appeals, the provisions hereof relating to the access to and use of confidential documents and information therefrom shall continue to be binding on all persons entitled to access under the terms of this Order, and the plaintiff shall deliver to defendant all confidential documents and all copies of those documents. Plaintiff's counsel shall retain in her file all summaries, extracts and notes that include confidential information from the confidential documents in a separate envelope marked "confidential information" until such time as the file is destroyed in accordance with Plaintiff's counsel's document retention policy.

12. In accordance with Local Rule 104.13, upon conclusion of this action, the clerk of court may return to counsel, or destroy, any sealed material at the end of the litigation.

CONSENTED BY:

/s/ Jennifer J. Tobin
JENNIFER J. TOBIN, Esquire
Counsel for Plaintiff

/s/ Wesley P. Page
WESLEY P. PAGE
Assistant U.S. Attorney
Counsel for Defendant

IT IS SO ORDERED: this _10th_ day of _September_, 2010.

_____
CHRISTOPHER C. CONNER
United States District Judge